UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO D. CONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-0182-G |
| DALLAS AREA RAPID TRANSIT and ) | |
| BUDDIE SMITH, ) | **ECF** |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Dallas Area Rapid Transit ("DART") and Buddie Smith ("Smith") (collectively, "the defendants"), to dismiss the complaint of the plaintiff, Antonio D. Conner ("Conner" or "the plaintiff"). For the reasons set forth below, the motion is granted.

I. BACKGROUND

On May 31, 2007, Conner boarded a DART bus operated by Smith. Complaint at 1; Defendant's Motion to Dismiss and Brief in Support at 1 ("Motion to Dismiss"). According to Conner, a verbal altercation occurred between him and Smith which escalated into a physical quarrel when Smith pushed Conner to the floor

of the bus.  Complaint at 1.  As a result of this incident, Conner was indicted by a grand jury in Dallas County for assault of a public servant.  *See* True Bill Indictment, *attached to* Motion to Dismiss *at* Exhibit 1.  On January 11, 2008, Conner pled guilty to assaulting Smith and was sentenced to 180 days in the Dallas County Jail.  *See* Judgment of Conviction by Court, *attached to* Motion to Dismiss *at* Exhibit 2.  Conner never appealed the conviction.  *See* Transcript of No Appeal Proceedings, *attached to* Motion to Dismiss *at* Exhibit 3.

According to his complaint, Conner suffered "pain and injury caused by being assaulted and incarcerated," "severe psychological trama [sic] along with several physical injuries, . . . [including] injuries to [his] left elbow, neck, back and head."  Complaint at 2.  Conner claims that Smith caused him these injuries in violation of his rights under 42 U.S.C. § 1983, and he seeks $300,000 for present and future medical expenses, $1.5 million for "pain and suffering cause[d] by lossing [sic] admission to trade school, [and] high blood presure [sic] cause[d] by stress," as well additional damages for lost and damaged property.  Complaint at 2.

The defendants move to dismiss Conner's complaint for failure to state a claim upon which relief can be granted.  Motion to Dismiss at 1.  Specifically, the defendants maintain that dismissal of Conner's 42 U.S.C. § 1983 claim is required to "avoid parallel litigation over the issues of probable cause and guilt and preclud[e] the possibility of the plaintiff succeeding in the tort action after having been convicted in

the underlying criminal prosecution." *Id.* at 3. According to the defendants, "[s]uch a possibility is in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.*

## II. ANALYSIS

### A. *Rule 12(b)(6) Standard*

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (internal quotation marks omitted) (quoting *Bell Atlantic*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

B.  *The* Heck v. Humphrey *Doctrine*

The doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the plaintiff's suit.  Under *Heck*, the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Id.* at 486-87.

Conner has not presented any evidence that his conviction has been reversed, expunged, declared invalid, or been called into question by any federal court.

In *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996), the Fifth Circuit held that a plaintiff's false arrest claim was barred by *Heck*.  In so holding, the Circuit stated:  "[i]f proved, . . . Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm.  . . .  Thus, because a successful section 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precludes this claim."  *Id.*; see also *Queen v. Purser*, 109 Fed. Appx. 659, 660 (5th Cir. 2004) (unpublished) (per curiam), *cert. denied*, 544 U.S. 979 (2005) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized

following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable under § 1983, absent showing that conviction had been invalidated).

The same holds true in this case. The plaintiff's claim for damages against the defendants, if proved, would call into question his previous conviction. Therefore, the plaintiff's claim implicates the validity of his prior guilty plea and conviction and is accordingly barred by *Heck*.

### III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED**.

August 20, 2008.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**